# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

MIKKAYLA KING,                )
                              )
        Plaintiff             )   **Case No.:**
                              )
   v.                         )   **COMPLAINT AND DEMAND FOR**
                              )   **JURY TRIAL**
IC SYSTEM, INC.               )
                              )
        Defendant             )
                              )

## COMPLAINT

MIKKAYLA KING ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against IC SYSTEM, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Massachusetts, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Dorchester, Massachusetts 02122.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 444 Highway 96 East, St. Paul, MN 55127-2557.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times herein, Defendant was hired to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

11. The debt at issue arose out of transactions incurred for personal, family, or household purposes.

12. Beginning in January 2016 and continuing through September 2016, Defendant placed repeated telephone calls to Plaintiff's cellular telephone in its attempts to collect the aforementioned debt.

13. Defendant's calls originated from the numbers including, but not limited to, (202) 870-5891. The undersigned has confirmed that this number belongs to Defendant.

14. Plaintiff requested Defendant stop calling her when the calls first began in January 2016.

15. Once Defendant was aware that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

16. Defendant ignored Plaintiff's request and continued to call her.

17. These calls were particularly frustrating to Plaintiff as calls were often received at inconvenient times, such as when she was at work.

18. After Plaintiff's repeated requests to stop calling were ignored by Defendant, she took measures to block these calls by downloading a blocking application to her cellular telephone.

19. Finally, within five days of its initial communication with Plaintiff, Defendant failed to send written correspondence of her rights to dispute the debt

and/or to request verification of the debt, the amount of the debt, and the name of the original creditor.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

20. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

22. Defendant violated §§ 1692d and 1692d(5) when it called Plaintiff's cellular telephone repeatedly in their attempts to collect the alleged debt, and even after Plaintiff repeatedly told Defendant to stop calling her.

## COUNT II
## **DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA**

23. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer,

within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or copy a judgement against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification.

WHEREFORE, Plaintiff, MIKKAYLA KING, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MIKKAYLA KING, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date:  October 14, 2016           By: */s/ Craig Thor Kimmel*
                                  CRAIG THOR KIMMEL
                                  BBO#662924
                                  Kimmel & Silverman, P.C.
                                  30 E. Butler Pike
                                  Ambler, PA 19002
                                  Phone: (215) 540-8888
                                  Fax: (877) 788-2864
                                  Email: kimmel@creditlaw.com